JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00398-FWS-KES | Date: April 1, 2025 |
| Title: Theodora Morris v. Data Media Associates, LLC | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS [16]**

In this case, Plaintiff Theodora Morris ("Morris") alleges that Defendant Data Media Associates, LLC ("DMA") compromised the security of Morris's private information through a data breach. (Dkt. 1-1 Ex. A ("Complaint" or "Compl.") at 3-4 of 11.) Morris brought her claim in state court and stipulated that she does not and will not seek damages "in excess of $74,000" or "declaratory, injunctive, or other equitable relief." (*See id.* at 11 of 11 ("Stipulation").) DMA removed the case asserting diversity jurisdiction. (Dkt. 1 (Notice of Removal) at 9.)

Before the Court is Morris' Motion to Remand, in which Morris seeks remand and sanctions. (Dkt. 16 ("Motion" or "Mot.").) DMA opposes the Motion. (Dkt. 17 ("Opposition" or "Opp.").) Morris filed a reply in support of the Motion. (Dkt. 18 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 10, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion as to remand and **DENIES** the Motion as to sanctions.

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No. 8:25-cv-00398-FWS-KES  Date: April 1, 2025

Title: Theodora Morris v. Data Media Associates, LLC

___

## I. Background

Morris filed a lawsuit against DMA on December 6, 2023, in the Superior Court of Orange County, California. *Theodora Morris v. Data Media Associates, LLC and Does 1 through 10 inclusive*, Case No. 30-2023-01366878-CU-BT-CJC, Dkt. 1. On January 12, 2024, DMA removed that lawsuit to this court ("*Morris I*"). *Morris v. Data Media Associates*, Case No. 8:24-cv-00080-FWS-KES, Dkt. 1 (C.D. Cal. Jan. 12, 2024). On April 15, 2024, the United States Judicial Panel on Multi-District Litigation (JPML) transferred *Morris I* into a multi-district litigation (MDL) created to consolidate pre-trial proceedings for actions arising out of related data breaches. *In re: MOVEit Customer Data Sec. Breach Litig.*, Case 8:24-cv-00080-FWS-KES, Dkt. 17 (J.P.M.L.). Morris then voluntarily dismissed *Morris I*. *In re: MOVEit Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03083-ADM, Dkt. 990.

On January 17, 2025, Morris filed the instant case against DMA in the Superior Court of Orange County, California. *Theodora Morris v. Data Media Associates, LLC, and Does 1 through 10 inclusive*, Case No. 30-2025-01454345-CU-BT-CJC. On February 28, 2025, DMA removed this case to another court in this district ("*Morris II*"). (Dkt. 1.) On the same day, DMA filed a notice of related cases, referencing *Morris I*. (Dkt. 2.) *Morris II* was transferred to this court for all other further proceedings. (Dkt. 14.)

The complaints in *Morris I* and *Morris II* are functionally identical. *Compare Morris I* Dkt. 1 Ex. A *with Morris II* Dkt. 1 Ex. A. The *Morris II* Complaint, however, contained the Stipulation which reads:

> The undersigned Plaintiff hereby stipulates that with respect to her claims against Data Media Associates, LLC, she does not seek or ask for, and hereby waives her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees. Plaintiff further

___

___

| UNITED STATES DISTRICT COURT | **JS-6** |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |
| CIVIL MINUTES – GENERAL | |

| | |
|---|---|
| Case No. 8:25-cv-00398-FWS-KES | Date: April 1, 2025 |
| Title: Theodora Morris v. Data Media Associates, LLC | |

> stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit. This stipulation is valid as of the date of filing of the complaint in state court.

(Compl. at 11.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In measuring the amount in controversy, courts assume the allegations in the complaint are true

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

# JS-6

Case No. 8:25-cv-00398-FWS-KES　　　　　　　　　　　　　Date: April 1, 2025

Title: Theodora Morris v. Data Media Associates, LLC

___

and that the jury will return a verdict in favor of the plaintiff on all claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy). A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

　　　When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B). The Ninth Circuit recently explained that following such a challenge, the defendant must make its showing with "summary-judgment-type evidence." *Fritsch*, 899 F.3d at 794.

　　　"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

| | |
|---|---|
| Case No. 8:25-cv-00398-FWS-KES | Date: April 1, 2025 |
| Title: Theodora Morris v. Data Media Associates, LLC | |

### III. Discussion

Morris argues (A) this case should be remanded to state court because the Stipulation ensures that the amount in controversy is below the statutory threshold for diversity jurisdiction and (B) DMA should pay Morris's costs because DMA lacked a reasonable basis to seek removal. (Mot. at 2-5, 9-10.) The court finds that remand is appropriate, while sanctions are not.

### A. Remand

As a threshold matter, DMA argues that this court should defer ruling on the Motion because "a decision by the JPML on transfer to the MDL court is pending." (Opp. at 4.) Courts in this district follow the procedure from *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2024), "when considering simultaneous motions to remand and to stay in the MDL context." *Acosta-Smith v. Equifax Inc.*, 2018 WL 1155981, at *2 (C.D. Cal. Mar. 5, 2018). The *Conroy* methodology is a three-step inquiry:

> First, the Court gives preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the Court completes its consideration and remands the case to state court. Second, if the jurisdictional issue appears factually or legally difficult, the Court determines whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, then the Court will rule first on the defendant's motion to stay.

*Blood v. Equifax, Inc.*, 2018 WL 3636960, at *2 (C.D. Cal. July 30, 2018). The posture of this case is different in that DMA did not file a separate motion to stay, rather they argued for a stay in their Opposition. (Opp. at 4-7.) Despite this difference the court is still simultaneously

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No. 8:25-cv-00398-FWS-KES                                       Date: April 1, 2025
Title: Theodora Morris v. Data Media Associates, LLC

---

considering whether to exercise its discretion to stay the case or to grant Morris's motion for remand. The court agrees with Morris that "the desired result is exactly the same and therefore" the court should still apply the *Conroy* methodology. (Reply at 3.)

     The court's inquiry starts and ends with the first step of *Conroy* because the court finds that removal was improper. Both parties agree on two fundamental rules. First, that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); (Opp. at 8; Reply at 1.) Second, that "an amendment reducing the alleged amount-in-controversy to below the statutory threshold—like a post-filing development that makes recovering the needed amount impossible—will usually not destroy diversity jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38 n.8 (2025); (Opp. at 9; Reply 4.) DMA argues *Morris I*, in which Morris pursued these same claims as part of an MDL, converts the Stipulation in *Morris II* into something like a post-filing development which does not destroy jurisdiction. (Opp. at 9.) The court disagrees.

     A plaintiff may voluntarily dismiss their case without prejudice to refile in state court with an aim to avoid diversity jurisdiction. *See Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 919 (N.D. Cal. 2022) (collecting cases); *see also* 16 Moore's Fed. Prac. – Civ. § 41.40 ("A plaintiff's intention to pursue the litigation in state court does not, by itself, constitute [legal] prejudice [to the defendant] sufficient to justify denial of a motion for voluntary dismissal."); Wright & Miller, Fed. Prac. & Proc. § 2363 ("removal followed by dismissal frequently is employed when a plaintiff who is unwilling to prosecute the action in federal court wishes to dismiss to start a new action in state court and preclude removal by joining one or more diverse parties, changing the amount sought, eliminating any federal claim, or otherwise"). It would be a strange result if a plaintiff were permitted to dismiss their case for this purpose, only to have their original action be the basis for removal back to federal court. *See Katzman v. American Airlines, Inc.*, 1997 WL 752730, at *1-2 (S.D.N.Y. Dec. 4, 1997) (denying defendant's request that the district court nullify their previous dismissal of a claim and retain jurisdiction on the

---

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

| | |
|---|---|
| Case No. 8:25-cv-00398-FWS-KES | Date: April 1, 2025 |
| Title: Theodora Morris v. Data Media Associates, LLC | |

___

grounds that plaintiff had refiled their claim in state court and alleged less than the statutory threshold).

      The logic underlying the bar to destroying jurisdiction through post-filing amendment does not apply here.  Take as an example, *Martinez v. Sunnova Energy Corporation*, 2025 WL 732350, at *2, (C.D. Cal. Mar. 7, 2025), which DMA cites.  (Opp. at 9.)  There, a court prohibited a plaintiff from amending his complaint to shorten the period of his claims to lower the amount in controversy and thereby avoid diversity jurisdiction.  *Martinez*, 2025 WL 732350, at *6-7.  The court noted that "especially given that the alleged amount-in-controversy does not cap damages, constant litigation over the matter, having the potential to alter a court's jurisdiction would be wasteful."  *Id.* at *7 (cleaned up).  The court also relied on the settled rule that the amount in controversy is determined by looking solely at the complaint when filed.  *Id.* at *7 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  Neither consideration applies to this case.  Morris does cap her damages through the Stipulation, so there will not be constant litigation on the true amount in controversy.  (*See* Compl. at 11.)  Further, the amount in controversy here is determined by the initial complaint in *Morris II*, not *Morris I*, because a dismissal without prejudice "leaves the parties where they would have stood had the lawsuit never been brought."  *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).

      Because DMA does not persuade the court that "Morris's attempt to limit her damages is akin to post-removal amendment," (Opp. at 9), the court finds that this case falls within the settled rule that a plaintiff may avoid removal by stipulating to amounts at issue below the statutory threshold.  *See Rios v. Wirepath Home Sys., LLC*, 2019 WL 6715044, at *2 (C.D. Cal. Dec. 10, 2019) (granting remand where plaintiff submitted papers approximating a binding stipulation to damages less than $75,000); *Blood*, 2018 WL 3636960, at *3 (granting remand where plaintiffs "have each filed binding stipulations averring that the amount in controversy will not exceed the" statutory threshold").

      Plaintiffs are "the masters of their complaints."  *Standard Fire*, 568 U.S. at 595.  Because Morris chose to file her Complaint in state court with a binding cap on damages below the

___

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No. 8:25-cv-00398-FWS-KES  Date: April 1, 2025

Title: Theodora Morris v. Data Media Associates, LLC
_____

statutory threshold, DMA "cannot show with legal certainty that the amount in controversy is satisfied." *Blood*, 2018 WL 3636960, at *3. Accordingly, the court **GRANTS** the Motion insofar as it seeks remand.

    **B.**    **Sanctions**

    Morris argues removal was unreasonable and asks the court to award her costs in opposing removal under 28 U.S.C. § 1447 (c). (Mot. at 9-10.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

    After reviewing the parties' arguments and the evidence presented, the court exercises its discretion to decline awarding fees here. The court does not find it was unreasonable for DMA to argue that the litigation in *Morris I* could support their argument for removal. (*See* Opp. at 13 ("Morris has not cited a single case—and [DMA] is unaware of any that involves such a stipulation being submitted in a refiled complaint intended to avoid continued participation in an MDL").) Accordingly, the court does not find that sanctions are warranted and so **DENIES** the Motion insofar as it requests an award of costs. *See Blood*, 2018 WL 3636960, at *3 (granting remand but denying sanctions where plaintiff stipulated to a damages cap).

_____

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No. 8:25-cv-00398-FWS-KES                                    Date: April 1, 2025

Title: Theodora Morris v. Data Media Associates, LLC

## IV.  Disposition

For the reasons stated above, the court **GRANTS** the Motion as to remand and **DENIES** the Motion as to costs. The matter is **REMANDED** to the Orange County Superior Court, case no. 30-2025-01454345-CU-BT-CJC.